# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PNC BANK, N.A., successor to | ) | |
| National City Bank, successor to | ) | |
| National City Bank of | ) | |
| Michigan/Illinois, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-1417 |
| | ) | |
| BOHANNAN MEDICAL | ) | |
| DISTRIBUTORS, INC., CHERYL | ) | |
| BOHANNAN, TOMMY BOHANNAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION

This matter is now before the Court on Plaintiff's Renewed Motion [38] for Summary Judgment. For the reasons set forth below, Plaintiff's Motion [38] is Granted.

### BACKGROUND

Plaintiff, PNC Bank, N.A. ("PNC" or "PNC Bank"), initiated this action against Defendants Bohannan Medical Distributors, Inc. ("BMD" or "Borrower"), and Cheryl and Tommy Bohannan ("Guarantors"), alleging four counts of breach of contract arising out of Defendants' default on a commercial loan and credit card agreement. Count 1 alleges breach of contract by BMD based upon a commercial loan evidenced by a promissory note ("Note") from Borrower to PNC for the original principal amount of $200,000. Count 2 alleges breach of contract by BMD arising out of a business credit card loan agreement ("Credit Card Agreement") between Plaintiff and BMD. Counts 3 and 4 state breach of contract claims against Cheryl and

Tommy Bohannan based upon guaranties provided by the Bohannans promising to pay all amounts due under the Note and Credit Card Agreement.

On June 15, 2016, this Court granted in part and denied in part Plaintiff's motion for summary judgment. ECF Doc. 32. Specifically, the Court found that Plaintiff was entitled to summary judgment in the amount of $188,714 on the breach of contract and breach of guaranty claims because BMD defaulted on the Note and Cheryl and Tommy Bohannan were liable as guarantors. However, the Court denied summary judgment as it related to the balance of $29,733 under Credit Card Agreement, finding that a material dispute of fact remained as to whether BMD was in default under the terms of the Agreement. PNC now renews its motion for summary judgment against all Defendants.

Plaintiff's renewed motions states the following as undisputed material fact. Plaintiff and BMD entered into a Credit Card Agreement in 2003. That Agreement was replaced with a new Credit Card Agreement in 2006, and subsequently amended in 2008 and 2009. Under the terms of the Credit Card Agreement, a default under any loan between BMD and Plaintiff, including the Note, constituted a default under the Credit Card Agreement. Because BMD defaulted on the Note, it also defaulted on the Credit Card Agreement. Additionally, BMD defaulted on the Credit Card Agreement when it failed to pay the June 2015 and August 2015 statements by the due date. The current balance on the credit card is $35,244.20. Tommy and Cheryl Bohannan both executed guaranties in favor of Plaintiff guaranteeing payment of all amounts due on the Note and Credit Card Agreement. The Bohannans have failed to pay the amounts due under the Note and Credit Card Agreement. ECF Doc. 38, at 4-6.

Defendants dispute that BMD was in default on the Note or the Credit Card Agreement. Their response alleges that Plaintiff and Defendants entered into a verbal modification agreement

whereby BMD would remain in good standing on both agreements if BMD made payments in the amount of $1,303 on the Note in addition to making regular payments on the Credit Card Account. Defendants do not dispute that BMD agreed to be bound by the terms of the written Credit Card Agreement.

### STANDARD OF REVIEW

Under Rule 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322-23. However, "[t]he burden on the non-movant is not onerous." *Waldridge v. American Hoechst Corp*., 24 F.3d 918, 921 (7th Cir. 1994). Rather, the non-movant "need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact" and "may rely on affidavits or any other materials of the kind identified in Rule 56(c)." *Id*.

### ANALYSIS

Defendants' primary argument in response to PNC's motion for summary judgment relates to a purported verbal agreement between PNC and Defendants. See E.C.F. Doc. 24, at 2. Specifically, Defendants' response states:

> While the representative was speaking with Mr. Bohannan, it was evident that she was reviewing materials which allowed her to communicate approval of the $1,303.00 payment amount. However, Defendants do not currenlty [sic] possess those materials.
>
> E.C.F. Doc. 23, at 2.

Under Illinois law, a credit agreement is defined as "an agreement or commitment by a creditor to lend money or extend credit or delay or forbear repayment of money not primarily for personal, family or household purposes, and not in connection with the issuance of credit cards." 815 ILCS 160/1. Section 2 of that Act provides that credit agreements must be in writing:

> § 2. Credit agreements to be in writing. A debtor may not maintain an action on or in any way related to a credit agreement unless the credit agreement is in writing, expresses an agreement or commitment to lend money or extend credit or delay or forbear repayment of money, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor.
>
> 815 ILCS 160/2.

Finally, Section 3 of the Act defines actions that are not considered agreements:

> § 3. Actions not considered agreements. The following actions do not give rise to a claim, counter-claim, or defense by a debtor that a new credit agreement is created, unless the agreement satisfies the requirements of Section 2:
> (1) the rendering of financial advice by a creditor to a debtor;
> (2) the consultation by a creditor with a debtor; or
> (3) the agreement by a creditor to modify or amend an existing credit agreement or to otherwise take certain actions, such as entering into a new credit agreement, forbearing from exercising remedies in connection with an existing credit agreement, or rescheduling or extending installments due under an existing credit agreement.
>
> 815 ILCS 160/3.

Defendants' assertion that PNC entered into a verbal agreement that modified the terms of the Note was rejected by the Court in its prior Opinion because the Illinois Credit Agreement Act requires credit agreements and modifications to be in writing and signed by the creditor and debtor. 815 ILCS 160/2. Because Defendants did not allege that they signed a written modification agreement, their claim of a verbal modification to the Note did not "give rise to a . . . defense by a debtor that a new credit agreement [was] created." 815 ILCS 160/3.

Plaintiff's first motion for summary judgment stated that under the terms of the Credit Card Agreement, a default under any loan between BMD and Plaintiff, including the $200,000

4

Note, constitutes a default under the Business Credit Card Agreement. However, because Plaintiff's first motion did not include the signed copy of the Agreement, and the terms of that agreement were in dispute, the Court denied summary judgment as to Defendants' liability under the Credit Card Agreement:

> Plaintiff has not provided a copy of the Credit Card Agreement signed by Defendants, and Defendants submitted an affidavit indicating that the Credit Card Agreement is not in their possession. Thus, a dispute of fact remains as to whether the agreement attached to Plaintiff's motion for summary judgment was the agreement that Defendants entered into with the Bank. See Fed. R. Civ. P. 56(d). The dispute regarding the terms of the agreement is material because Plaintiff's motion relies on the terms of the Credit Card Agreement as the basis for default under both loans. See E.C.F. Doc. 16, ¶¶ 9-10. . . . Therefore, Plaintiff is not entitled to summary judgment on its claim against Borrower for breach of the Credit Card Agreement at this time.

ECF Doc. 32, at 7.

Plaintiff's renewed motion includes a copy of the signed agreement, which Defendants do not dispute. The Court previously granted summary judgment to Plaintiff for Defendants' liability under the Note, $188,714.28. Because BMD was in default on both obligations under the terms of the Credit Card Agreement, Defendants are also liable for the $35,224.20 credit card balance. Accordingly, Plaintiff is entitled to summary judgment against Defendants for a combined amount of $223,958.48.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion [38] for Summary Judgment is Granted. This matter is now terminated.


Signed on this 30th day of September, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
