UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PNC BANK, N.A., successor to )
National City Bank, successor to )
National City Bank of )
Michigan/Illinois, N.A., )
)
      Plaintiff, )
)
v. ) Case No. 15-1417
)
BOHANNAN MEDICAL )
DISTRIBUTORS, INC., CHERYL )
BOHANNAN, TOMMY BOHANNAN, )
)
      Defendants. )

## ORDER AND OPINION

This matter is now before the Court on Plaintiff's Motion [49] to Amend/Correct Order and Motion [50] for Attorney Fees and Court Costs. For the reasons set forth below, Plaintiff's Motion [49] to Amend/Correct Order is Granted and Plaintiff's [50] for Attorney Fees and Court Costs is Granted in Part.

**BACKGROUND**

Plaintiff, PNC Bank, N.A. ("PNC" or "PNC Bank"), initiated this action against Defendants Bohannan Medical Distributors, Inc. ("BMD" or "Borrower"), and Cheryl and Tommy Bohannan ("Guarantors"), alleging four counts of breach of contract arising out of Defendants' default on a commercial loan and credit card agreement. On June 15, 2016, this Court granted in part and denied in part Plaintiff's motion for summary judgment. ECF Doc. 32. Specifically, the Court found that Plaintiff was entitled to summary judgment in the amount of $188,714 on the breach of contract and breach of guaranty claims because BMD defaulted on the Note and Cheryl and Tommy Bohannan were liable as guarantors. However, the Court denied

1

summary judgment as it related to the balance of $29,733 under Credit Card Agreement, finding that a material dispute of fact remained as to whether BMD was in default under the terms of the Agreement.

PNC renewed its motion for summary judgment on August 12, 2016. See ECF Doc. 38. That motion included a copy of the signed credit card agreement, resolving the only remaining factual dispute that precluded summary judgment in the first instance. The Court granted summary judgment in favor of Plaintiff in the amount of $223,958.48 on September 30, 2016. See ECF Doc. 47. Plaintiff now moves to amend the judgment, reasoning that the amount of interest included in the judgment was only current through the dates of Plaintiff's affidavits and does not include the *per diems* that accrued thereafter. Additionally, Plaintiff moves for an award of attorney fees in the amount of $17,911 and costs in the amount of $671.02.

## STANDARD OF REVIEW

"[I]n the Seventh Circuit, courts do not submit fee requests based upon contractual fee-shifting provisions to the same degree of rigorous review as Illinois state courts." *Cumulus Radio Corp. v. Olson*, No. 15-CV-1067, 2015 WL 3407438, at *2 (C.D. Ill. May 27, 2015). Rather, "fees should be reimbursed 'no matter how the bills are stated,' and courts need not 'engage in detailed, hour-by-hour review of a prevailing party's billing records.'" *Id.*, (citing *Johnson Controls, Inc. v. Edman Controls, Inc.*, 712 F.3d 1021, 1027 (7th Cir. 2013)). However, "[w]hen calculating a fee award, a court should exclude hours that were not reasonably expended, such as time spent on tasks that are not normally billed to a client or hours expended by counsel on tasks that should be delegated to a non-professional assistant." *Kaylor-Trent v. John C. Bonewicz, P.C.*, 916 F. Supp. 2d 878, 886 (C.D. Ill. 2013). Administrative tasks such as "organizing file folders,

document preparation, copying of faxing documents, scheduling matters, and mailing letters" should not be included in fee awards. *Id*.

## ANALYSIS

Plaintiff's first motion seeks to amend the prior judgment in the amount of $223,958.48 because the Court's September 30, 2016, Order granting summary judgment did not include the contractually agreed-upon *per diem* interest that accrued after the date Plaintiff's submitted their affidavits. Defendants' response does not contest that Plaintiff is entitled to the additional interest, fees, and costs. Including the interest up to September 30, 2016, Plaintiff is entitled to $229,338.76.

Plaintiff's second motion seeks an award of attorney fees pursuant to the contractual fee-shifting provisions in the loan and credit card agreements. The motion is supported by affidavits and billing records that indicate Plaintiff has incurred attorney's fees in the amount of $17,911 and costs in the amount of $671.02. Although the Court need not "engage in detailed, hour-by-hour review of a prevailing party's billing records," hours that were not reasonably expended, "such as time spent on tasks that are not normally billed to a client or hours expended by counsel on tasks that should be delegated to a non-professional assistant," should be excluded. *Kaylor-Trent*, 916 F. Supp. 2d at 886. Here, Plaintiff's billing records include fees of $639 for administrative work by a paralegal for preparing appearances, filing and mailing documents, and corresponding with the process server. Fees for these administrative tasks are not recoverable. See *id*.

Accordingly, the Court finds Plaintiff is entitled to the additional interest on the loan and credit card agreements, for an amended total of $229,338.76. Additionally, Plaintiff is entitled to

$17,943.02 for attorney's fees and costs. The amended judgment will enter in the amount of $247,281.78.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion [49] to Amend/Correct Order is Granted. Plaintiff's [50] for Attorney Fees and Court Costs is Granted in Part. An amended judgment will be entered in the amount of $247,281.78.

Signed on this 4th day of November, 2016.

s/ James E. Shadid  
James E. Shadid  
Chief United States District Judge