E-FILED
Wednesday, 10 January, 2017  04:46:05 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS – PEORIA DIVISION

PNC Bank, National Association successor to National City Bank, Successor to National City Bank of Michigan/Illinois, N.A.

Plaintiff,

vs.

Bohannan Medical Distributors, Inc., Cheryl L. Bohannan, and Tommy G. Bohannan

Defendants.

No. 15 cv 01417

Magistrate Judge Hawley

## CITATION TO DISCOVER ASSETS

Hereby served upon: Cheryl L. Bohannan, **address redacted**    Peoria, Illinois 61614

YOU ARE REQUIRED to file your answer to this Citation and appear on **January 6, 2017** at **11:15 a.m.** in Courtroom C of The United States Courthouse, Located at 100 N.E. Monroe Street, Peoria, Illinois 61602 to be examined under oath to discover assets or income not exempt from enforcement of a judgment.

A judgment in favor of PNC Bank, National Association successor to National City Bank, Successor to National City Bank November 4, 2016 in the amount of $247,281.78 plus post judgment interest and attorney fees, remains unsatisfied.

YOU ARE COMMANDED to produce at the examination:

SEE ATTACHED RIDER TO CITATION

and all books, paper or records in your possession or control which may contain information concerning the property or income of, or indebtedness due judgment debtor.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtor, until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

WARNING: YOUR FAILURE TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER AS TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.

CERTIFICATE OF ATTORNEY (OR NON-ATTORNEY)

NOTE: THIS CITATION MUST BE ACCOMPANIED AT THE TIME OF SERVICE BY EITHER A COPY OF THE UNDERLYING JUDGMENT OR A CERTIFICATION BY EITHER THE CLERK THAT ENTERED THE JUDGMENT OR THE ATTORNEY FOR THE JUDGMENT CREDITOR SETTING FORTH THE FOLLOWING:

In the United States District Court for the Central District of Illinois Peoria Division on November 4, 2016, a judgment in the amount of $247,281.78 was entered in favor of PNC Bank, National Association successor to National City Bank, Successor to National City Bank of Michigan/Illinois, N.A. and against Cheryl L. Bohannan in Case No. 15 cv 01417 and a balance of $247,281.78 remains unsatisfied.

I, the undersigned certify to the Court that all information stated herein is true.

/s/ Matthew L. Hendricksen

WITNESS: 12/5, 2016

Kenneth A. Wells
Clerk of the Court

s/ J. Kelly
Deputy Clerk

Matthew L. Hendricksen (6266720)
CROWLEY & LAMB, P.C.
221 North LaSalle Street
Suite 1550
Chicago, Illinois 60601
312-670-6900
mhendricksen@crowleylamb.com

E-FILED
Friday, 04 November, 2016 02:20:39 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PNC BANK, N.A., successor to National City Bank, successor to National City Bank of Michigan/Illinois, N.A., <br><br> Plaintiff, <br><br> v. <br><br> BOHANNAN MEDICAL DISTRIBUTORS, INC., CHERYL BOHANNAN, TOMMY BOHANNAN, <br><br> Defendants. | Case No. 15-1417 |

## ORDER AND OPINION

This matter is now before the Court on Plaintiff's Motion [49] to Amend/Correct Order and Motion [50] for Attorney Fees and Court Costs. For the reasons set forth below, Plaintiff's Motion [49] to Amend/Correct Order is Granted and Plaintiff's [50] for Attorney Fees and Court Costs is Granted in Part.

### BACKGROUND

Plaintiff, PNC Bank, N.A. ("PNC" or "PNC Bank"), initiated this action against Defendants Bohannan Medical Distributors, Inc. ("BMD" or "Borrower"), and Cheryl and Tommy Bohannan ("Guarantors"), alleging four counts of breach of contract arising out of Defendants' default on a commercial loan and credit card agreement. On June 15, 2016, this Court granted in part and denied in part Plaintiff's motion for summary judgment. ECF Doc. 32. Specifically, the Court found that Plaintiff was entitled to summary judgment in the amount of $188,714 on the breach of contract and breach of guaranty claims because BMD defaulted on the Note and Cheryl and Tommy Bohannan were liable as guarantors. However, the Court denied

1

summary judgment as it related to the balance of $29,733 under Credit Card Agreement, finding that a material dispute of fact remained as to whether BMD was in default under the terms of the Agreement.

PNC renewed its motion for summary judgment on August 12, 2016. See ECF Doc. 38. That motion included a copy of the signed credit card agreement, resolving the only remaining factual dispute that precluded summary judgment in the first instance. The Court granted summary judgment in favor of Plaintiff in the amount of $223,958.48 on September 30, 2016. See ECF Doc. 47. Plaintiff now moves to amend the judgment, reasoning that the amount of interest included in the judgment was only current through the dates of Plaintiff's affidavits and does not include the *per diems* that accrued thereafter. Additionally, Plaintiff moves for an award of attorney fees in the amount of $17,911 and costs in the amount of $671.02.

### STANDARD OF REVIEW

"[I]n the Seventh Circuit, courts do not submit fee requests based upon contractual fee-shifting provisions to the same degree of rigorous review as Illinois state courts." *Cumulus Radio Corp. v. Olson*, No. 15-CV-1067, 2015 WL 3407438, at *2 (C.D. Ill. May 27, 2015). Rather, "fees should be reimbursed 'no matter how the bills are stated,' and courts need not 'engage in detailed, hour-by-hour review of a prevailing party's billing records.'" *Id.*, (citing *Johnson Controls, Inc. v. Edman Controls, Inc.*, 712 F.3d 1021, 1027 (7th Cir. 2013)). However, "[w]hen calculating a fee award, a court should exclude hours that were not reasonably expended, such as time spent on tasks that are not normally billed to a client or hours expended by counsel on tasks that should be delegated to a non-professional assistant." *Kaylor-Trent v. John C. Bonewicz, P.C.*, 916 F. Supp. 2d 878, 886 (C.D. Ill. 2013). Administrative tasks such as "organizing file folders,

2

document preparation, copying of faxing documents, scheduling matters, and mailing letters" should not be included in fee awards. *Id.*

## ANALYSIS

Plaintiff's first motion seeks to amend the prior judgment in the amount of $223,958.48 because the Court's September 30, 2016, Order granting summary judgment did not include the contractually agreed-upon *per diem* interest that accrued after the date Plaintiff's submitted their affidavits. Defendants' response does not contest that Plaintiff is entitled to the additional interest, fees, and costs. Including the interest up to September 30, 2016, Plaintiff is entitled to $229,338.76.

Plaintiff's second motion seeks an award of attorney fees pursuant to the contractual fee-shifting provisions in the loan and credit card agreements. The motion is supported by affidavits and billing records that indicate Plaintiff has incurred attorney's fees in the amount of $17,911 and costs in the amount of $671.02. Although the Court need not "engage in detailed, hour-by-hour review of a prevailing party's billing records," hours that were not reasonably expended, "such as time spent on tasks that are not normally billed to a client or hours expended by counsel on tasks that should be delegated to a non-professional assistant," should be excluded. *Kaylor-Trent*, 916 F. Supp. 2d at 886. Here, Plaintiff's billing records include fees of $639 for administrative work by a paralegal for preparing appearances, filing and mailing documents, and corresponding with the process server. Fees for these administrative tasks are not recoverable. See *id.*

Accordingly, the Court finds Plaintiff is entitled to the additional interest on the loan and credit card agreements, for an amended total of $229,338.76. Additionally, Plaintiff is entitled to

$17,943.02 for attorney's fees and costs. The amended judgment will enter in the amount of $247,281.78.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion [49] to Amend/Correct Order is Granted. Plaintiff's [50] for Attorney Fees and Court Costs is Granted in Part. An amended judgment will be entered in the amount of $247,281.78.

Signed on this 4th day of November, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge

Judgment in a Civil Case (02/11)

## UNITED STATES DISTRICT COURT
for the
Central District of Illinois

PNC Bank, National Association, )
successor to National City Bank, )
Successor to National City Bank of )
Michigan/Illinois, N.A. )
)
Plaintiff, Counter Defendant )
)
vs. )  Case Number: 15-1417
)
Bohannan Medical Distributors, Inc., )
Cheryl L. Bohannan, )
Tommy G. Bohannan )
)
Defendants, Counter Claimants )

### AMENDED JUDGMENT IN A CIVIL CASE

**DECISION BY THE COURT.** This action came before the Court and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that the Plaintiff's Motion for Summary Judgment was granted pursuant to the Court's Order & Opinion entered on 9/30/2016 and Plaintiff is entitled to summary judgment against Defendants for a combined amount of $223,958.48. Judgment is entered in favor of PNC Bank, National Association, successor to National City Bank, Successor to National City Bank of Michigan/Illinois, N.A. and against Bohannan Medical Distributors, Inc., Cheryl L. Bohannan, and Tommy G. Bohannan.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff is awarded interest in the amount of $5,380.28, Attorney Fees in the amount of $17,272 and Court Costs in the amount of $671.02, for a total amount of $247,281.78 pursuant to the Court's Order and Opinion entered on 11/4/2016.

Dated: 11/7/2016

s/ Kenneth A. Wells
Kenneth A. Wells
Clerk, U.S. District Court

RIDER TO CITATION

1. Real Estate – all documents related to the purchase, sale, transfer, management, lease, and value of, and encumbrances upon (mortgage, liens, ect.) the following from January 1, 2014 forward:

   A. All real estate in which Cheryl L. Bohannan ("Debtor") currently possesses any ownership interest (including but not limited to real estate owned through a trust, jointly owned property, community property, life estates, leaseholds).

   B. All real estate in which Debtor previously possessed any ownership interest (including but not limited to real estate owned through a trust, jointly owned property, community property, life estates, leaseholds) at any time since January 1, 2014.

2. Investment Accounts, Financial Accounts, Bank Accounts, Brokerage Accounts, Certificates of Deposits, Checking Accounts, Savings Accounts, Safe Deposit Boxes, (collectively "Accounts") - All (i) monthly statements from January 1, 2014 forward and (ii) copies of checks (front and back) received and drawn in excess of $1,000 from January 1, 2014 forward for the following:

   A. All Accounts in which Debtor currently possesses any ownership interest (including but not limited to joint accounts).

   B. All Accounts in which Debtor previously possessed any ownership interest at any time since January 1, 2014.

   C. For all Accounts in which Debtor previously possessed an interest (subparagraph B), and transferred or removed his name from the account, all documents related to the transfer or name removal.

3. Assets Related to Transportation – all documents identifying and related to the purchase, transfer, location, value of and encumbrances upon the following:

   A. All automobiles, aircraft, bicycles, motorcycles, recreational vehicles, helicopters, snow mobiles, golf carts, or boats in which Debtor currently possesses any ownership interest.

   B. All automobiles, aircraft, bicycles, motorcycles, recreational vehicles, helicopters, snow mobiles, golf carts, or boats in which Debtor previously possessed any ownership interest at any time since January 1, 2014.

4. Interest in Corporations, Partnerships, Limited Liability Corporations, Joint Ventures, Businesses, or any other Entity (collectively "Entity"). All of the following documents:

   A. For any non-publically traded Entity in which Debtor currently possesses any ownership interest:

      i) all k1s, operating agreements, by laws, articles of organization, minutes, and resolutions, as well as any other documents identifying the ownership structure of the entity from at any time since January 1, 2014 forward,

      ii) all documents evidencing the value of Debtor's ownership interest in said entity from at any time since January 1, 2014 forward, and

   iii) all documents identifying any asset (real or personal property) in which said Entity possesses (or possessed) an interest at any time since January 1, 2014 valued at any time in excess of $5,000

 B. For any non-publically traded Entity in which Debtor previously possessed any ownership interest at any time since January 1, 2014:

   i) all k1s, operating agreements, by laws, articles of organization, minutes, and resolutions, as well as any other documents identifying the ownership structure of the entity from at any time since January 1, 2014 forward,

   ii) all documents evidencing the value of Debtor's ownership interest in said entity from at any time since January 1, 2014 forward, and

   iii) all documents identifying any asset (real or personal property) in which said Entity possesses (or possessed) an interest at any time since January 1, 2014 valued at any time in excess of $5,000

   iv) all documents related to Debtor's sale or transfer of his interest.

5. Receivables

 A. All documents showing any persons or entities (including the address of said person or entity) that currently owe Debtor money, or which Debtor reasonably believes will owe Debtor money at any time before January 1, 2014, including but not limited to employers, or loans made by Debtor to any person or entity.

 B. All documents showing the basis for any person or entity owing money to Debtor, the amounts paid since January 1, 2014, and the current amounts due.

6. Financial Reports or Summaries

 A. All documents (including but not limited to personal financial statements, loan applications, tax returns or wealth management reports) which summarize or recite Debtor's assets prepared at any time after to January 1, 2014.

 B. All applications for Credit Debtor has made any time since January 1, 2014, including but not limited to applications made by others whereby Debtor offered, or was required to offer, a personal guaranty.

7. Payments or Transfers

 A. All documents related to all payments or transfers made by Debtor to any person or entity at any time since January 1, 2014 in an amount in excess of $1,000. All documents showing the date of the transfer, the amount, and the payee or transferee.

 B. All documents related to any payments or transfers received by Debtor from any person or entity at any time since January 1, 2014 in an amount in excess of $1,000, including payment of wages, salary, dividends, or bonuses. All documents identifying the date of the transfer, the amount, and the payor or transferor.

8. Miscellaneous Personal Property

   A. All documents identifying all personal property (including but not limited to household goods, jewelry, diamonds, gems, televisions, stock in publicly traded companies, mutual funds, bonds, stock options, life insurance policies, annuities, computers, business equipment, inventory, books, art, golf clubs, collections of coins, stamps, or any other item of value), in which Debtor currently possesses any ownership interest which at any time, individually or with its set/collection, was valued in excess of $2,500, as well as all documents showing the current value of said property. By way of example, if Debtor owns a single golf club/stamp/share of stock that is valued at $100, it is not part of this request. If Debtor, however owns a collection of stamps, a set of golf clubs, or shares of stock and the collection/set/group is worth over $2,500 then it must be identified.

   B. All documents identifying all personal property in which Debtor previously possessed any ownership interest at any time since January 1, 20140 which at any time was valued in excess of $2,500.

   C. For all personal property in which Debtor previously possessed an interest listed in subparagraph (B), all documents identifying the person or entity to which Debtor transferred his interest, the date of said transfer, the consideration for the transfer, and the current value of the asset.

9. All of Debtor's tax related documents from 2014 forward, including tax returns and K1s.

10. All monthly statements from January 1, 2014 to present day for any credit card account belonging to or used by Debtor.

11. Any documents related to any indebtedness of Debtor, including records related to payments upon any indebtedness.

12. Any will or estate planning documents of Debtor, including any trust for which Debtor is the settlor or beneficiary.

13. All employment records for Debtor from January 1, 2014 forward.

14. All documents related to all life insurance policies for which Debtor is an owner, insured, or beneficiary from Januarys 1, 2014 forward.

3

Income and Assets Form  (Page 1 of 3) (10/16/12) CCG 0127 A

## INCOME AND ASSETS FORM

**To Judgment Debtor:** Please complete this form and bring it with you to the hearing referenced in the enclosed citation notice. You should also bring to the hearing any documents you have to support the information you provide in this form, such as pay stubs and account statements. The information you provide will help the court determine whether you have any property or income that can be used to satisfy the judgment entered against you in this matter. The information you provide must be accurate to the best of your knowledge.

If you fail to appear at this hearing, you could be held in contempt of court and possibly arrested.

In answer to the citation and supplemental proceedings served upon the judgment debtor, he or she answers as follows:

**Personal Information**

Name: _____

Primary Telephone: _____

Residence: _____
(Address/City/State/Zip)

Date of Birth: _____

Marital Status: _____

Number of Dependents: _____

**Income and Assets**

Select any of the following statements that accurately describe your current income and assets. Complete any of the information that is applicable to the items you select.

❑ A. I am currently ❑ employed  ❑ self employed. The name(s) and address(es) of my employers, or my business name and address (if self-employed) is/are as follows:

_____

_____

I earn $ _____  ❑ weekly  ❑ bi-weekly  ❑ annually  ❑ other: _____

I have the following benefits with my employer(s): _____

❑ B. I am currently unemployed. I support myself through (Select all that apply):

  ❑ Government Assistance at $ _____ per month
  ❑ Unemployment at $ _____ per month
  ❑ Social Security at $ _____ per month
  ❑ SSI at $ _____ per month
  ❑ Pension $ _____ per month
  ❑ Other $ _____ per month

❑ C. I currently own real estate at the following location(s). (List the address for each parcel of real estate owned as well as the name and address of the mortgage company for each property that has a mortgage on it. Please use the supplement "Part C" of this form if more space is needed.):

1. Address: _____

Name/Address of Mortgage Company: _____

(Page 2 of 3)   (10/16/12) CCG 0127 B

2. Address: _____
Name/Address of Mortgage Company: _____

☐ D. The following individual(s) and I currently co-own real estate located at (Please use supplement "Part C" of this form if more space is needed): _____

☐ E. I have beneficial interest in a land trust.
Name of Trustee: _____
Address of Trustee: _____
The beneficial interest is listed in my name and _____
An assignment of beneficial interest in the land trust was signed to secure a loan from
Name of Lender: _____
Address of Lender: _____

☐ F. My financial assets are as follows (Select all that apply):
　　☐ Checking Account at _____ with a balance of $ _____
　　☐ Savings Account at _____ with a balance of $ _____
　　☐ Money Market at _____ with a balance of $ _____
　　☐ Certificate of Deposit at _____ with a value of $ _____
　　☐ Safe Deposit Box at _____
　　☐ Stocks /Bonds: _____
　　☐ Other Accounts: _____
　　　Account Type _____  Financial Institution _____  Balance/Value _____

☐ G. I own the following selected items:
　　　☐ Vehicle: _____
　　　　Year: _____
　　　　Make: _____
　　　　Model: _____
　　　　VIN #: _____
☐ Jewelry (Please provide a detailed description of each item owned): _____

| ☐ Personal Computer | ☐ DVD Player | ☐ Television |
| ☐ Stove | ☐ Microwave | ☐ Work Tools |
| ☐ Business Equipment | ☐ Farm Equipment | |

☐ Other property (Please provide a detailed description of each item owned): _____

Signature of Judgment Debtor: _____   Date: _____

(Page 3 of 3)  (10/16/12) CCG 0127 C

## Income and Assets Supplemental Form

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

PNC Bank, National Association successor to National City Bank, Successor to National City Bank of Michigan/Illinois, N.A.
        Plaintiff(s),

Case No.: 15 CV 01417

**AFFIDAVIT OF SERVICE**

vs.

Bohannan Medical Distributors, Inc., et al.
        Defendant(s),

---

I, **Josh Dean**, being first duly sworn on oath, depose and say the following:

I am over the age of 18, not a party to this action, and an employee of Elite Process Serving and Investigations, Inc., a licensed private detective agency, license number 117-001199.

Type of Process: **Notice of Citation and Citation to Discover Assets**

Defendant to be served: **Cheryl L. Bohannan**

Address where served: **address redacted**     **Dunlap, IL 61525**

On **December 14, 2016** at **3:09 PM**, I served the within named defendant in the following manner:

**INDIVIDUAL SERVICE:** By delivering a copy of this process to the within named defendant personally.

Description of person process was left with:

Sex: **Female** - Race: **White** - Hair: **Red** - Approx. Age: **50** - Height: **5'6"** - Weight: **160**

Comments: Signature obtained on field sheet.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

        s/ Josh Dean

FURTHER AFFIANT SAYETH NOT.

X _____
Josh Dean

State of Illinois

County of Fulton

Subscribed and Sworn to before me on this 22 day of December, 2016

s/ Antoinette Dillefeld

Signature of Notary Public

OFFICIAL SEAL
ANTOINETTE M DILLEFELD
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Jul 13, 2017

Job: 349822
File: